UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEORGE S. SCHAFFER, et al.,
                Plaintiffs,

-v-

HORIZON PHARMA PLC, et al.,
                Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/18

16 CIVIL 1763 (JMF)

## JUDGMENT

    Defendants having moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the matter having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on January 18, 2018, having rendered its Opinion and Order dismissing Plaintiffs' claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation," also fail. See, e.g., First Jersey Sec., Inc., 101 F.3d at 1472. Moreover, Plaintiffs' claims under Sections 11, 12(a)(2), and 15 of the Securities Act also fail. That leaves only the question of whether Plaintiffs should be granted leave to amend their complaint for a second time. The Court declines to grant Plaintiffs' leave for a combination of three reasons. For starters, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive... it is not an abuse of discretion to deny leave to amend."). Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in this opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014), aff'd, 619 F. App'x 34 (2d Cir. 2015); see also

TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file the amended consolidated complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss. (See Docket No. 113). See, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint); and directing the Clerk of Court to close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 18, 2018, Plaintiffs' claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5 must be and are dismissed. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation," also fail. See, e.g., First Jersey Sec., Inc., 101 F.3d at 1472. Moreover, Plaintiffs' claims under Sections 11, 12(a)(2), and 15 of the Securities Act also fail. That leaves only the question of whether Plaintiffs should be granted leave to amend their complaint for a second time. The Court declines to grant Plaintiffs leave for a combination of three reasons. For starters, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive... it is not an abuse of discretion to deny leave to amend."). Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in this opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15

(S.D.N.Y. Aug. 15, 2014), aff'd, 619 F. App'x 34 (2d Cir. 2015); see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file the amended consolidated complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss. (See Docket No. 113). See, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint); accordingly, the case is closed.

**Dated:** New York, New York
January 19, 2018

**RUBY J. KRAJICK**

**Clerk of Court**

BY: *K/Mango*

**Deputy Clerk**